# Court of Appeals
# of the State of Georgia

ATLANTA,  November 20, 2024

*The Court of Appeals hereby passes the following order:*

**A25A0720. SAADIQ A. YARBROUGH v. ANDREA D. WARE.**

Following his divorce from Andrea D. Ware, Saadiq A. Yarbrough filed a petition to set aside the divorce decree and to hold Ware in contempt. On September 5, 2024, the trial court entered an order giving Yarbrough an additional 30 days in which to perfect service, indicating the case would be dismissed instanter if service was not made within the allotted time. Yarbrough then filed motions to serve by other means. On October 4, 2024, the trial court entered an order denying a request to serve by publication. On October 23, 2024, the trial court denied Yarbrough's request to serve process via email. Yarbrough appeals both orders. We, however, lack jurisdiction.

As a threshold matter, we question whether the case is final as no dismissal order has been entered. See OCGA § 5-6-34 (a) (1) (direct appeals generally may be taken from final orders when the case is no longer pending below). Pretermitting whether the case is final, "[a]ppeals from judgments or orders in divorce, alimony, and other domestic relations cases" must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (2), (b). Because Yarbrough sought to set aside a divorce decree, the case is a domestic relations case within the meaning of the statute. See *Steele v. Niggelie*, 163 Ga. App. 98, 98 (293 SE2d 368) (1982). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

Given Yarbrough's failure to follow the discretionary appeal procedures, we lack jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,    11/20/2024                  *
            *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
            *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*